```
                                              CLERK'S OFFICE U.S. DIST COURT
                                                   AT ROANOKE, VA
                                                        FILED
         IN THE UNITED STATES DISTRICT COURT      MAR 28 2006
        FOR THE WESTERN DISTRICT OF VIRGINIA
                   ROANOKE DIVISION              JOHN F CORCORAN, CLERK
                                                 BY
                                                      DEPUTY CLERK
```

SHERLOCKE EVAN F. HOLMES, )
    Plaintiff, ) Civil Action No. 7:06CV00159
     )
v. ) **MEMORANDUM OPINION**
     )
S. RUIZ-KURTZ, et al., ) By: Hon. Glen E. Conrad
    Defendants. ) United States District Judge

The plaintiff, Sherlocke Evan F. Holmes, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

## BACKGROUND

The plaintiff is presently incarcerated at Powhatan Correctional Center. The events pertaining to this action occurred while the plaintiff was incarcerated at Augusta Correctional Center. Between May 15, 2003 and September 22, 2005, the plaintiff was convicted of approximately seven disciplinary charges. The plaintiff alleges that all of the corresponding disciplinary proceedings violated his due process rights. Specifically, the plaintiff alleges that the defendants repeatedly denied his requests for witnesses and his requests to present evidence, in violation of Department Operating Procedure 861. The plaintiff's penalties for the disciplinary convictions included a twelve dollar fine, loss of telephone privileges for thirty days, and up to fifteen days in isolation. The plaintiff also alleges that property was taken from his cell as a "direct or indirect result" of the disciplinary charges.

---

*Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

## DISCUSSION

To the extent that the plaintiff alleges that his federal due process rights were violated as a result of the disciplinary hearings, the plaintiff's allegations are without merit. A prison disciplinary action implicates a liberty interest requiring federal due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). In this case, the plaintiff's penalties for the disciplinary convictions included a twelve dollar fine, loss of telephone privileges for thirty days, and up to fifteen days in isolation. None of these penalties posed an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents of prison life. See Beverati, 120 F.3d at 504 (holding that a six-month term in segregation did not impose an atypical hardship where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). As a result, the plaintiff was not entitled to federal due process protections before receiving these penalties. Even assuming that the plaintiff did not receive all of the state-mandated procedural protections during his disciplinary hearings, such violations are not independently actionable under § 1983. See Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").

To the extent that the plaintiff seeks to challenge the deprivation of his personal property,

2

the plaintiff's allegations are similarly deficient. The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 545 (1981). In this case, the plaintiff could have utilized the Virginia Department of Corrections's Inmate Grievance Procedure to challenge the deprivation of his personal property. Furthermore, other state law remedies, including the Virginia Tort Claims Act, were available to the plaintiff as a means to seek compensation for his property. See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Accordingly, inasmuch as the plaintiff had adequate state remedies, the deprivation of his personal property did not rise to the level of a constitutional violation.

For the reasons stated, the court concludes that the plaintiff's complaint must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 28th day of March, 2006.

_____
United States District Judge